United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JIALIN HUA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-01172 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Jialin Hua filed this habeas action while detained by United States immigration authorities at the Port Isabel Service Processing Center in Cameron County, Texas. (*See* Pet., Doc. 1) He is currently subject to a final order of removal. In his Petition, he requests a temporary restraining order staying his removal "pending adjudication of [his] Petition" and preventing his transfer outside of this Court's jurisdiction. (Pet., Doc. 1, ¶ 47)

A party seeking a temporary restraining order must demonstrate four elements: (1) a likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of equities favors the movant; and (4) that the injunction is in the public interest. *See Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The third and fourth factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The party seeking emergency injunctive relief bears the burden on each element. *Enter. Int'l, Inc. v. Corporación Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

In this matter, Petitioner presents a cause of action under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and on the Due Process Clause of the Fifth Amendment. As to either cause of action, Petitioner has not demonstrated his entitlement to a temporary restraining order.

The Court considers first Petitioner's *Zadvydas* claim, through which he alleges, as he must under *Zadvydas*, "that there is no significant likelihood of his removal in the reasonably foreseeable future." (Pet., Doc. 1, ¶ 41) If the Court assumes the truth of this allegation, then Petitioner cannot demonstrate a substantial threat of irreparable harm, as the assumption would mean that Respondents have no intent or ability to remove him in the reasonably foreseeable future. On other hand, to the extent that Petitioner contends that his removal is imminent, the contention would defeat his *Zadvydas* claim, precluding his ability to demonstrate a substantial likelihood of success on the merits of this cause of action. Under either scenario, Petitioner would not be entitled to a temporary restraining order preventing his removal.

As to his due process claim, Petitioner fails to demonstrate a substantial likelihood of success on the merits of this cause of action. He appears to allege that his detention for sixteen months without certain procedural protections violates his constitutional rights. (*See* Pet., Doc. 1, ¶ 46) But he acknowledges that he is subject to a final order of removal, and that he "does not challenge the validity of any removal order" or request a "review [of] the merits of removability." (*Id.* at ¶¶ 6, 48) Given these concessions, Petitioner fails to identify any authority supporting his claim that his current detention violates his due process rights.

As a result, it is:

**ORDERED** Petitioner Jialin Hua's Emergency Motion for Temporary Restraining Order (Doc. 1) is **DENIED**.

Through this Order, the Court does not resolve the merits of Petitioner's causes of action.

Signed on November 9, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge